Carman F. Ball, J.
The relator, presently detained for treatment in the State hospital at Buffalo seeks, by way of a writ of habeas corpus, her release therefrom upon the following grounds: “ (a) the unconstitutionality, defectiveness and invalidity of Sect. 78-4 of the Mental Hygiene Law under which the proceedings against Elizabeth L. Auad were initiated, (b) the defectiveness and invalidity of the proceedings resulting in the detention.”
The petition and the return thereto both allege that the present detention is pursuant to an order of this court made on the 22d day of November, 19G5, which order found the relator to be *1010 a person 1 ‘ mentally ill, and in need of retention for care and treatment ”, and which directed her transfer to a hospital designated by the Commissioner (of Mental Hygiene), in this case, the Buffalo State Hospital. The period of such retention pursuant to such order may not exceed six months.
It is alleged by the relator and not denied by the respondent that the relator was first committed to the E. J. Meyer Memorial Hospital in the City of Buffalo, pursuant to an order made by a Justice of the Peace in the Town of Tonawanda on the 23d day of October, 1965. That order was made following an appearance by the relator before that Magistrate pursuant to a warrant issued by him and recites that it is made pursuant to the provisions of subdivision 4 of section 78 of the Mental Hygiene Law. According to subdivision 1 of that section, patients committed thereunder, as was this relator, may be received and detained for a period of 30 days. Consequently, the Magistrate’s, order of October 23, 1.965 became fundus officio 30 days after that date and cannot be said to be the cause of the relator’s present detention. Questions concerning the validity of that order or of the constitutionality of the statute which authorized it are not relevant to the present proceeding which challenges the order of retention made by this court on November 22, 1965.
The latter order was made following a hearing held at the request of the relator, upon an application made by the Director of the E. J. Meyer Memorial Hospital, for an order directing the retention of the relator for treatment as a mentally ill person.
The subject of that hearing was not the correctness of the original order of commitment, which was made so that an inquiry could be conducted as to the mental condition of the relator and the need, if any, for hospital retention and treatment, but rather a judicial inquiry into the findings and recommendations which resulted from that examination. Such a hearing is governed by the provisions of sections 72, 73 and 74 of the Mental Hygiene Law (see Mental Hygiene Law, § 78, subd. 2) each of which sections concerns itself with the then mental condition of the patient and if such person be found to be mentally ill, the need for retention and treatment. The jurisdiction of the Supreme Court to conduct such a hearing is completely independent from the efficacy of the proceedings in the Justice’s Court, which resulted in the order for commitment and examination in the first instance. (N. Y. Const., art. VI, § 7, subd. a, and Judiciary Law, § 147-a.) That earlier order was subject to challenge, anytime during the period of confinement it occasioned, by way of a habeas corpus application. (Mental Hygiene Law, § 426; CPLB 7002.)
*1011 The further claim of the petitioner that the hearing held in this court depended for its validity upon the physicians’ certificates referred to in sections 72 and 78 (subd. 2) of the Mental Hygiene Law is without merit. Such certificates form the basis for an application for admission to a hospital for treatment, but they may not be relied upon by the court to establish a judicial finding of mental illness or of the need for retention where a hearing is held, since subdivision 3 of section 72 requires that “the court shall hear testimony and examine the person alleged to be mentally ill, if it be deemed advisable in or out of court, and shall render a decision in writing as to the mental illness and the need for retention of the patient ”. Where one of the examining physicians is a staff member of a State hospital or facility it may well be that such physician will appear as a witness upon the hearing, but his testimony would necessarily concern itself with the then mental condition of the patient. In many cases the original examining physicians upon whose certificates the patient was admitted to hospital will have had no further contact with the patient, so that neither they nor their certificates would be of value in considering the question of the patient’s present mental condition and needs.
It should be noted, in conclusion, that the petitioner does not, on this application, contest the finding of mental illness which might be, in itself, sufficient reason to dismiss the writ. (See Mental Hygiene Law, § 426; People ex rel. Fox v. Johnston, 11 A D 2d 830.)
The writ should be dismissed and the relator continued in the custody of the respondent pursuant to the order of this court made by Mister Justice Neyots on November 22, 1965 unless sooner discharged according to law.
Submit order accordingly.